UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Cynthia Seidl | : |
| Plaintiff, | : |
| v. | : |
| Veritas Restaurant Group, LLC; Steven Prokop; and Todd Rose | : |
| Defendants | : September 28, 2015 |

**COMPLAINT**

I.  **INTRODUCTION**

1. This is an action brought by the plaintiff, Cynthia Seidl, a restaurant worker, against the defendants, Veritas Restaurant Group, LLC, Steven Prokop, and Todd Rose, arising from the defendants' failure to pay the plaintiff overtime premium wages for her work. The plaintiff alleges violations of the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207, and Connecticut law, Conn.Gen.Stat. §31-68 and §31-76c, and the wage payment provision of Connecticut law, Conn.Gen.Stat. §31-72. The plaintiff seeks double her unpaid wages pursuant to the FLSA, to Connecticut law, and her reasonable attorney's fees and costs.

II.  **JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III.    THE PARTIES

4.     The plaintiff is Cynthia Seidl, a resident of Plainville, Connecticut. At all times relevant to this Complaint the plaintiff was an employee of the defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5.     At all times relevant to this Complaint, the plaintiff was an employee engaged in commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

6.     Defendant Veritas Restaurant Group, LLC, operates a restaurant called Cuvee, located at 37 Raymond Road, West Hartford, Connecticut.

7.     Defendant Veritas Restaurant Group, LLC, has an Annual Business Volume (ABV) equal to or greater than $500,000.00.

8.     According to documents filed with the Connecticut Secretary of State regarding Veritas Restaurant Group, LLC, defendant Steven Prokop resides at 176 Helios Drive #408, Jupiter, Florida. Defendant Prokop is listed as a "managing member" of defendant Veritas Restaurant Group, LLC.

9.     According to documents filed with the Connecticut Secretary of State regarding Veritas Restaurant Group, LLC, defendant Todd Rose resides at 74 Elihu Street, Hamden, Connecticut. Defendant Rose is listed as a "managing member" and as agent for service of Veritas Restaurant Group, LLC.

10.    At all times relevant to this Complaint, defendants Prokop and Rose were and are managing members and part owners of defendant Veritas Restaurant Group, LLC, and

made all relevant decisions regarding the terms and conditions of the plaintiff's employment, including but not limited to setting the hours of the plaintiff's work and the payment of her wages.

11. At all times relevant to this Complaint, the defendants were employers as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

IV. **STATEMENT OF FACTS**

12. The defendants hired the plaintiff as a bartender and server at Cuvee on or about October 31, 2013, and offered to pay her $7.46 for each hour worked as a bartender and $5.69 for each hour worked as a server. In addition, the defendants agreed that the plaintiff would be receive gratuities as would bring her hourly wages to at least the Connecticut minimum wage.

13. From on or about October 31, 2013, until on or April 30, 2015, the plaintiff worked for the defendants on a full time basis.

14. During the period of her full time employment by the defendants, the plaintiff was scheduled to work five days a week, but typically worked six days a week.

15. During the period of her full time employment by the defendants, the plaintiff typically worked at least fifty-two (52) hours a week.

16. The defendants created payroll records and issued biweekly paychecks reflecting that the plaintiff had worked only forty (40) hours a week.

17. The defendants did not pay the plaintiff at one and one-half times her regular hourly rate for every hour worked above forty hours in a one week period.

18. When the plaintiff brought this to the attention of the defendants, she was told that "we don't pay overtime."

19. The federal Fair Labor Standards Act and Connecticut law permit an employer to pay certain employees, including certain bartenders and servers, at an hourly rate lower than the regular hourly minimum wage.

20. The federal Fair Labor Standards Act and Connecticut law require that employees, including bartenders and servers, must be paid at one and one-half times an hourly rate at least equal to the applicable minimum wage for every hour worked above forty hours in a one week period.

21. During the relevant time period, Connecticut's minimum wage increased from $8.25 (January 1, 2013) to $8.40 (January 1, 2014) to $9.15 (January 1, 2015), and was at all times greater than the federal minimum wage.

22. For the nine (9) weeks that the plaintiff worked full time for the defendants in 2013, she earned but was not paid overtime wages as follows:

9 weeks x 12 x 8.25/hour x 1.5   = $ 1,336.50.

23. For the fifty-two (52) weeks that the plaintiff worked full time for the defendants in 2014, she earned but was not paid overtime wages as follows:

52 weeks x 12 x 8.40/hour x 1.5   = $ 7,862.40.

24. For the sixteen (16) weeks that the plaintiff worked full time for the defendants in 2015, she earned but was not paid overtime wages as follows:

16 weeks x 12 x 9.15/hour x 1.5 = $ 2,635.20.

25. During the period of her full time employment by the defendants, the plaintiff earned but was not paid overtime wages in a total amount of:

$1,336.50 + $7,862.40 + $2,635.20 = $11,834.10.

26. On or about August 5, 2015, the plaintiff, through her legal counsel, sent a letter to the defendants requesting that they pay to her the overtime wages that she had earned but

had not been paid.

27. The defendants did not respond to the plaintiff's letter, nor did they make the requested payment.

## IV. COUNT ONE: FLSA OVERTIME WAGE VIOLATIONS

1. The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 27, above.

28. The defendants did not pay the plaintiff at the rate of one and one-half times the applicable minimum hourly wage for all hours worked in excess of forty hours in a one week period, in violation of the federal Fair Labor Standards Act, 29 U.S.C. §207.

29. The defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as the defendants were aware of their obligation to pay the plaintiff overtime for hours worked in excess of forty hours a week, and did not do so.

## V. COUNT TWO: CONNECTICUT OVERTIME WAGE VIOLATIONS

1. The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 29, above.

30. The defendants did not pay the plaintiff at the rate of one and one-half times the applicable minimum hourly wage for all hours worked in excess of forty hours in a one week period, in violation of Connecticut overtime laws, including Conn.Gen.Stat. §31-68 and §31-76c, and Connecticut's wage payment law, Conn.Gen.Stat. §31-72.

31. The defendants' failure to pay overtime wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware of their obligation to pay the plaintiff overtime for hours worked in excess of forty hours a week, and did not do so.

**PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff requests that this Court:

1. Order the defendants to pay to the plaintiff all wages owed, consistent with the federal and Connecticut overtime and wage payment laws;

2. Award the plaintiff liquidated or double damages for all wages owed pursuant to 29 U.S.C. §216(b);

3. Award the plaintiff double damages pursuant to Conn.Gen.Stat. §31-68 and §31-72;

4. Award the plaintiff her reasonable attorney's fees and costs;

4. Award the plaintiff prejudgment and post-judgment interest.

5. Award the plaintiff such other legal and equitable relief that the Court deems appropriate.

RESPECTFULLY SUBMITTED
FOR THE PLAINTIFF

 / s /  *Peter Goselin*
Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
Fax 860-232-7818
pdgoselin@gmail.com